

**FDIC**

FILED
IN CLERKS OFFICE

**Federal Deposit Insurance Corporation**
Boston Area Office - Legal Division        2006 JUL -3 ⊃ 1: 57
15 Braintree Hill Office Park, Braintree, MA  02184

Tel. (781) 794-5500
Fax (781) 794-5600

U.S. DISTRICT COURT
DISTRICT OF MASS.

July 3, 2006

**HAND DELIVERED**

Civil Clerk
United States District Court
for the District of Massachusetts
One Courthouse Way
Boston, MA 02210

> *Re:*     ***Citizens Bank of Massachusetts v. Pamela Baker Coleman and Federal Deposit Insurance Corporation***
> ***U.S. District Court Case No.:        06 CA 10959 MLW***
> ***Removed from Suffolk Superior Court***

Dear Sir/ Madam:

Enclosed please find a certified copy of the docket and copies of all docket entries, records and proceedings in the above-referenced matter which was removed from Suffolk Superior Court on June 1, 2006. A disk containing the state court record in PDF format shall be forwarded to the clerk's office under separate cover. If you have any questions please contact me at 781-794-5701.

Thank you for assistance.

Very truly yours,

Paul D. Maggioni

cc:     Robert L. Hamer, Esq. (w/o attachments)
Christopher T. Meir, Esq. (w/o attachments)
David B. Stein, Esq. (w/o attachments)
Linda Charet, Esq., NYLSO

MA: XP-20050816
guen

**Commonwealth of Massachusetts**
**SUFFOLK SUPERIOR COURT**
**Case Summary**
**Civil Docket**

06/01/2006
03:04 PM

FILED
IN CLERKS OFFICE

## SUCV2005-02454
### Citizens Bank Massachusetts v Coleman et al

| | | | | | |
|---|---|---|---|---|---|
| **File Date** | 06/16/2005 | **Status** | Disposed: transfered to other court (dtrans) | | |
| **Status Date** | 06/01/2006 | **Session** | BLS2 - CtRm 1017, 3 Pemberton Sq,Boston | | |
| **Origin** | 1 | **Case Type** | BE1 - Fraud, business torts, etc | | |
| **Lead Case** | | **Track** | B | | |

| | | | | | |
|---|---|---|---|---|---|
| **Service** | | **Answer** | | **Rule12/19/20** | |
| **Rule 15** | | **Discovery** | 02/21/2006 | **Rule 56** | 04/04/2006 |
| **Final PTC** | 05/15/2006 | **Disposition** | | **Jury Trial** | Unknown |

### PARTIES

**Plaintiff**
Citizens Bank Massachusetts
Active 06/16/2005

**Private Counsel 218715**
Robert L Hamer
Mirick O'Connell DeMallie & Lougee
100 Front Street
Suite 1700
Worcester, MA 01608-1477
Phone: 508-791-8500
Fax: 508-791-8502
Active 06/16/2005 Notify

**Private Counsel 640995**
Christopher T Meier
Mirick O'Connell DeMallie & Lougee
100 Front Street
Suite 1700
Worcester, MA 01608-1477
Phone: 508-791-8500
Fax: 508-791-8502
Active 06/16/2005 Notify

**Defendant**
Pamela Baker Coleman
Answered: 07/18/2005
Answered 07/18/2005

**Private Counsel 556456**
David B Stein
Rubin Weisman Colasanti Kajko Stein LLP
430 Bedford Street
Lexington, MA 02420-1524
Phone: 781-860-9500
Fax: 781-863-0046
Active 07/20/2005 Notify

**Defendant**
Federal Deposit Insurance Corp (As Amended)
Served: 03/07/2006
Served (answr pending) 03/21/2006

**Private Counsel 555064**
Paul D Maggioni Jr.
Federal Deposit Insurance Corporation
15 Braintree Hill Office Park
Legal Department
Franklin, MA 02038
Phone: 718-794-5701
Fax:
Active 06/01/2006 Notify

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 06/16/2005 | 1.0 | Complaint (Business) filed |

MASXP-20050816
·guen

Case 1:06-cv-10959-MLW  Document 5  Filed 07/03/06  Page 3 of 33
**Commonwealth of Massachusetts**
**SUFFOLK SUPERIOR COURT**
**Case Summary**
**Civil Docket**

06/01/2006
03:04 PM

## SUCV2005-02454
## Citizens Bank Massachusetts v Coleman et al

| Date | Paper | Text |
|------|-------|------|
| 06/16/2005 | | Origin 1, Type BE1, Track B. |
| 06/16/2005 | 2.0 | Civil action cover sheet filed |
| 06/28/2005 | 3.0 | Notice of Acceptance into Business Litigation Session - (vanGestel,J) (Dated 6/23/05) notice sent 6/24/05 |
| 07/18/2005 | 4.0 | ANSWER: Pamela Baker Coleman(Defendant) (jury reqstd) |
| 08/15/2005 | 5.0 | Order: 1. Discovery shall be completed by Dec 6,2005 2. Any motion for summary judgment shall be served no later than January 20,2006 3. A hearing on the motion for summary judgment shall be conducted on February 28,2005 at 2pm - In the event no summary judgment motion has been filed this hearing shall be a litigation control conference (Gants,J) Notice sent 8/17/05 |
| 11/02/2005 | 7.0 | Affidavit of David W Silverstein |
| 11/02/2005 | 8.0 | Affidavit of Christopher T Meier |
| 11/03/2005 | 6.0 | Plff's ex parte motion for attachment to the amount $450,000.00 - ALLOWED (w/o opposition) (Gants,J) |
| 11/21/2005 | 9.0 | Defendant Pamela Baker Coleman's MOTION to dissolve real estate attatchment, filed & ALLOWED, w/o prejudice after hearing, on 11/17/05 (Ralph Gants, Justice) notice sent 11/18/05 |
| 12/02/2005 | 10.0 | Request upon clerk to default (55a) re: Watertown Savings Bank by Citizens Bank Massachusetts |
| 12/12/2005 | 11.0 | Plff's assented to motion to extend discovery & summary judgment deadlines (w/o opposition) |
| 12/16/2005 | | MOTION (P#11) ALLOWED (Ralph D. Gants, Justice) (Dated 12/14/05) Notices mailed 12/15/2005 |
| 12/16/2005 | 12.0 | Plaintiff Citizens Bank Massachusetts's MOTION to compel production of documents w/opposition |
| 12/20/2005 | | MOTION (P#12) ALLOWED to the extent that the deft Coleman shall provide the requested documents no later than 1/6/06 - If the plff wishes to postpone Coleman's deposition to allow adequate time for its review of these documents prior to the deposition it may do so & Coleman will appear at an agreed upon later date (Ralph D. Gants, Justice) Notices mailed 12/20/2005 |
| 02/21/2006 | 13.0 | Plff's motion to compel responses to requests for produciton of documents (w/o opposition) |
| 02/23/2006 | 14.0 | Plff's motion for leave to amend complaint (w/o opposition) |
| 03/07/2006 | | MOTION (P#14) ALLOWED (E Susan Garsh, Justice) Notices mailed 3/1/2006 (entered 2/27/06) |
| 03/07/2006 | 15.0 | Amended complaint of Citizens Bank Massachusetts, filed on 2/27/06 |
| 03/21/2006 | 16.0 | SERVICE RETURNED: Federal Deposit Insurance Corp (As Amended)(Defendant) (In hand on 3/7/06) |
| 03/29/2006 | 17.0 | Plaintiff Citizens Bank Massachusetts's MOTION for Summary Judgment, pursuant to Mass.R.Civ.P. 56, as to Pamela Baker Coleman w/o opposition |
| 03/29/2006 | 18.0 | Affidavit of Robert L. Hamer |
| 03/29/2006 | 19.0 | Affidavit of David W. Silverstein |
| 04/04/2006 | 20.0 | Plaintiff Citizens Bank Massachusetts's MOTION for Memorandum of Lis |

MASXP-20050816
·gʊ·ת·

Case 1:06-cv-10959-MLW   Document 5   Filed 07/03/06   Page 4 of 33

**Commonwealth of Massachusetts**
**SUFFOLK SUPERIOR COURT**
**Case Summary**
**Civil Docket**

06/01/2006
03:04 PM

## SUCV2005-02454
## Citizens Bank Massachusetts v Coleman et al

| Date | Paper | Text |
|------|-------|------|
| | 20.0 | Pendens w/o opposition |
| 04/04/2006 | 21.0 | Affidavit of Christopher T. Meier in support of plff's Motion for Memorandum of Lis Pendens |
| 04/11/2006 | | MOTION (P#20) ALLOWED without opposition (Ralph D Gants, Justice) Notices mailed 4/10/2006 |
| 04/11/2006 | 22.0 | ORDER re: lis pendens (Ralph D Gants, Justice) Notice sent 4/10/06 |
| 04/11/2006 | | MOTION (P#13) ALLOWED (Ralph D Gants, Justice) Notices mailed 4/11/2006 |
| 04/11/2006 | 23.0 | ORDER It is hereby ORDERED as follows 1)Plaintiff's motion shal be and hereby is ALLOWED (Ralph D Gants, Justice) (SEE P#23 for complete order) Notice sent 4/11/06 |
| 05/01/2006 | 24.0 | Court received request for leave to file memorandum in reply to deft's memorandum in opposition to the Bank's motion for partial summary judgment by plff, filed by leave, & ALLOWED on 4/25/06 (Ralph Gants, Justice) notice sent 4/28/06 |
| 05/11/2006 | 25.0 | Plaintiff's Reply Memorandum on Summary Judgment |
| 05/11/2006 | 26.0 | Second Affidavit of Counsel Christopher T Meier |
| 05/24/2006 | 27.0 | MEMORANDUM AND ORDER ON PLFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT & ALLOWED IN THE AMOUNT OF $354,334.33 (Ralph D Gants, Justice). Copies mailed 5/23/06 (entered 5/22/06) |
| 06/01/2006 | | Certified copy of petition for removal to U. S. Dist. Court of Deft. Federal Deposit Insurance Corporation U. S. Dist.#(06-CA-10959MLW). |
| 06/01/2006 | | Case REMOVED this date to US District Court of Massachusetts |

I HEREBY ATTEST AND CERTIFY ON

JUNE 20, 2006, THAT THE

FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY

ASSISTANT CLERK.

### EVENTS

| Date | Session | Event | Result |
|------|---------|-------|--------|
| 08/11/2005 | CtRm 1017, 3 Pemberton | Conf: litigation contrl Rule 16 | Event not held-joint request |
| 08/15/2005 | CtRm 1017, 3 Pemberton | Conf: litigation contrl Rule 16 | Event held as scheduled |
| 11/03/2005 | CtRm 1017, 3 Pemberton | Motion/Hearing: R E attachmnt Ex parte motion for real estate & trustee process attachment | Event held as scheduled |
| 11/10/2005 | CtRm 1017, 3 Pemberton | Motion/Hearing: R E attachmnt & trustee process attachment (to dissolve attachments?) | Event not held-joint request |
| 11/17/2005 | CtRm 1017, 3 Pemberton | Motion/Hearing: miscellaneous hearing on whether of not to dissolve real estate & trustee process attachments (no motion filed as of 11/9/05) | Event held as scheduled |
| 02/28/2006 | CtRm 1017, 3 Pemberton | Motion/Hearing: Rule56 | Event rescheduled by court prior to date |
| 04/11/2006 | CtRm 1017, 3 Pemberton | Motion/Hearing: Compel P#13 Motion allowed on papers - no opposition | Event canceled not re-scheduled |
| 05/15/2006 | CtRm 1017, 3 Pemberton | Motion/Hearing: Rule56 | Event held as scheduled |

Suffolk Superior Civil # 05-2454

06 CA 10950 MLW

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN CLERKS OFFICE

---------------------------------------------------------------X

2006 JUN -1  A II: 56

CITIZENS BANK OF MASSACHUSETTS,

:    Civil Action No.JR i
      U.S. DISTRICT OF MASS.

Plaintiff,

:    DISTRICT OF MASS.
      Removed from the Superior Court

- against –

:    Department of the Trial Court
      Suffolk County

PAMELA BAKER COLEMAN, and
FEDERAL DEPOSIT INSURANCE CORP.,

that the
is true and correct copy of the
original filed on the captioned case
office on

Defendants.

---------------------------------------------------------------X

U.S. District Court
District of Massachusetts

Deputy Clerk

**NOTICE OF REMOVAL FROM STATE COURT**

Now comes the Federal Deposit Insurance Corporation in its corporate capacity

("FDIC"), and respectfully notifies the Court as follows:

1.    The FDIC is a defendant in a civil action now pending in the Superior

Court Department of the Trial Court of Massachusetts, Suffolk County, Massachusetts, Civil

Action No. 05-2454-BL52.

2.    A trial has not yet been had in the aforesaid case.

3.    A certified copy of the Superior Court Docket is attached hereto as Exhibit

"A".

4.    Certified or attested copies of all records and proceedings in the Superior

Court shall be filed with this court within thirty (30) days from the date hereof.

5.    A copy of the Amended Complaint and Summons is attached hereto as

Exhibit "B".

6.     This Petition for Removal is brought pursuant to 12 U.S.C. Section 1819

(Fourth), and 28 U.S.C. Section 1446.  No bond is required under the preceding statutory

provisions.

WHEREFORE, the aforesaid action now pending in the Superior Court,

Department of the Trial Court of Massachusetts, Suffolk County, Massachusetts, is properly

removed therefrom to this Court.

Dated:  Braintree, Massachusetts
        June __ , 2006

Respectfully submitted,

FEDERAL DEPOSIT INSURANCE CORPORATION

By: _____
    Paul D. Maggioni, Esq. #555064

Federal Deposit Insurance Corporation
Boston Area Office – Legal Division
15 Braintree Hill Office Park
Braintree, Massachusetts  02184
Phone: (781) 794-5701
Fax:    (781) 794-5600
Email: pmaggioni@fdic.gov

Suffolk Superior Civil # 05-2454

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
Civil Action No. 05-2454-BLS2

------------------------------------------------------------X
CITIZENS BANK OF MASSACHUSETTS,           :
                                          :
              Plaintiff,                  :
                                          :
    - against –                           :     **NOTICE TO STATE COURT**
                                          :     **OF FILING OF NOTICE**
PAMELA BAKER COLEMAN, and                 :     **OF REMOVAL**
FEDERAL DEPOSIT INSURANCE CORP.,          :
                                          :
              Defendants.                 :
------------------------------------------------------------X

To:    Civil Clerk
       Suffolk Superior Court
       Three Pemberton Square
       Boston, Massachusetts 02108

Notice is hereby given that this case was removed to the United States District Court for

the District of Massachusetts at Boston, Massachusetts on the ___1st___ day of June, 2006.

You will find herewith a certified copy of the Notice of Removal which has been filed in

the United States District Court

Dated: Braintree, Massachusetts
       June 1, 2006

                                        Respectfully submitted,

                                        FEDERAL DEPOSIT INSURANCE CORPORATION
                                        By its attorneys:

                                        By: _____
                                            Paul D. Maggioni, Esq. #555064

Federal Deposit Insurance Corporation
Boston Area Office – Legal Division
15 Braintree Hill Office Park
Braintree, Massachusetts 02184
Phone: (781) 794-5701
Fax:    (781) 794-5600
Email: pmaggioni@fdic.gov



## <u>CIVIL COVER SHEET ATTACHMENT</u>

1 (a)   PLAINTIFFS:

CITIZENS BANK OF MASSACHUSETTS.

(c)   ATTORNEY'S (FIRM NAME, ADDRESS AND TELEPHONE NUMBER)

ROBERT L. HAMER, ESQ.,
CHRISTOPHER T. MEIR, ESQ.
MIRICK, O'CONNELL, DEMAILLE & LOUGEE, LLP
100 FRONT STREET
WORCESTER, MA 06108
(508) 791 - 8500

1 (a)   DEFENDANTS:

PAMELA BAKER COLEMAN.

FEDERAL DEPOSIT INSURANCE CORPORATION (FDIC).

(c)   ATTORNEY'S (FIRM NAME, ADDRESS AND TELEPHONE NUMBER)

ATTORNEY FOR COLEMAN:
DAVID B. STEIN, ESQ.
RUBIN, WEISMAN, COLASANTI, KAJKO & STEIN, LLP
430 BEDFORD STREET
LEXINGTON, MA 02420
(781) 860-9500

ATTORNEY FOR FDIC:
PAUL D. MAGGIONI, ESQ.
FDIC - BOSTON AREA OFFICE – LEGAL DIVISION
15 BRAINTREE HILL OFFICE PARK
BRAINTREE, MA 02184
(781) 794-5701
pmaggioni@fdic.gov

**JS 44** (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

CITIZENS BANK OF MASSACHUSETTS

**DEFENDANTS** IN CLERKS OFFICE

PAMELA BAKER COLEMAN

FEDERAL DEPOSIT INSURANCE CORPORATION

**(b)** County of Residence of First Listed Plaintiff    SUFFOLK
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED. DISTRICT OF MASS.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

(see attachment)

Attorneys (If Known)

(see attachment)

06 CA 10959 MLW

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☒ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                    and One Box for Defendant

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☒ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1  Original
Proceeding

☒ 2  Removed from
State Court

☐ 3  Remanded from
Appellate Court

☐ 4  Reinstated or
Reopened

☐ 5  Transferred from
another district
(specify)

☐ 6  Multidistrict
Litigation

☐ 7  Appeal to District
Judge from
Magistrate
Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
12 USC § 1819  and 28 USC § 1446

Brief description of cause:
PLAINTIFF SEEKS DAMAGES FOR CERTAIN FRAUDULENT CONVEYANCES.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

**DEMAND $**
CONSTRUCTIVE TRUST

CHECK YES only if demanded in complaint:
**JURY DEMAND:**    ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):    JUDGE                DOCKET NUMBER

DATE    June ~~APRIL~~    , 2006

SIGNATURE OF ATTORNEY OF RECORD

PAUL D. MAGGIONI, ESQ.

**FOR OFFICE USE ONLY**

RECEIPT #_____    AMOUNT_____    APPLYING IFP_____    JUDGE_____    MAG. JUDGE_____

**EXHIBIT "A"**

MASXP-20050816
leakes
Case 1:06-cv-10959-MLW Document 5 Filed 07/03/06 Page 12 of 33
**Commonwealth of Massachusetts**
**SUFFOLK SUPERIOR COURT**
**Case Summary**
**Civil Docket**
06/01/2006
11:17 AM

## SUCV2005-02454
### Citizens Bank Massachusetts v Coleman et al

| **File Date** | 06/16/2005 | **Status** | Needs review for service (acneserv) | | |
|---|---|---|---|---|---|
| **Status Date** | 06/16/2005 | **Session** | BLS2 - CtRm 1017, 3 Pemberton Sq,Boston | | |
| **Origin** | 1 | **Case Type** | BE1 - Fraud, business torts, etc | | |
| **Lead Case** | | **Track** | B | | |

| **Service** | | **Answer** | | **Rule12/19/20** | |
|---|---|---|---|---|---|
| **Rule 15** | | **Discovery** | 02/21/2006 | **Rule 56** | 04/04/2006 |
| **Final PTC** | 05/15/2006 | **Disposition** | | **Jury Trial** | Unknown |

### PARTIES

**Plaintiff**
Citizens Bank Massachusetts
Active 06/16/2005

**Private Counsel 218715**
Robert L Hamer
Mirick O'Connell DeMallie & Lougee
100 Front Street
Suite 1700
Worcester, MA 01608-1477
Phone: 508-791-8500
Fax: 508-791-8502
Active 06/16/2005 Notify

**Private Counsel 640995**
Christopher T Meier
Mirick O'Connell DeMallie & Lougee
100 Front Street
Suite 1700
Worcester, MA 01608-1477
Phone: 508-791-8500
Fax: 508-791-8502
Active 06/16/2005 Notify

**Defendant**
Pamela Baker Coleman
Answered: 07/18/2005
Answered 07/18/2005

**Private Counsel 556456**
David B Stein
Rubin Weisman Colasanti Kajko Stein LLP
430 Bedford Street
Lexington, MA 02420-1524
Phone: 781-860-9500
Fax: 781-863-0046
Active 07/20/2005 Notify

**Defendant**
Federal Deposit Insurance Corp (As Amended)
Served: 03/07/2006
Served (answr pending) 03/21/2006

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 06/16/2005 | 1.0 | Complaint (Business) filed |
| 06/16/2005 | | Origin 1, Type BE1, Track B. |

MASXP-20050816
leakes

Case 1:06-cv-10959-MLW   Document 5   Filed 07/03/06   Page 13 of 33
**Commonwealth of Massachusetts**
**SUFFOLK SUPERIOR COURT**
**Case Summary**
**Civil Docket**

06/01/2006
11:17 AM

## SUCV2005-02454
### Citizens Bank Massachusetts v Coleman et al

| Date | Paper | Text |
|------|-------|------|
| 06/16/2005 | 2.0 | Civil action cover sheet filed |
| 06/28/2005 | 3.0 | Notice of Acceptance into Business Litigation Session - (vanGestel,J) (Dated 6/23/05) notice sent 6/24/05 |
| 07/18/2005 | 4.0 | ANSWER: Pamela Baker Coleman(Defendant) (jury reqstd) |
| 08/15/2005 | 5.0 | Order: 1. Discovery shall be completed by Dec 6,2005 2. Any motion for summary judgment shall be served no later than January 20,2006 3. A hearing on the motion for summary judgment shall be conducted on February 28,2005 at 2pm - In the event no summary judgment motion has been filed this hearing shall be a litigation control conference (Gants,J) Notice sent 8/17/05 |
| 11/02/2005 | 7.0 | Affidavit of David W Silverstein |
| 11/02/2005 | 8.0 | Affidavit of Christopher T Meier |
| 11/03/2005 | 6.0 | Plff's ex parte motion for attachment to the amount $450,000.00 - ALLOWED (w/o opposition) (Gants,J) |
| 11/21/2005 | 9.0 | Defendant Pamela Baker Coleman's MOTION to dissolve real estate attatchment, filed & ALLOWED, w/o prejudice after hearing, on 11/17/05 (Ralph Gants, Justice) notice sent 11/18/05 |
| 12/02/2005 | 10.0 | Request upon clerk to default (55a) re: Watertown Savings Bank by Citizens Bank Massachusetts |
| 12/12/2005 | 11.0 | Plff's assented to motion to extend discovery & summary judgment deadlines (w/o opposition) |
| 12/16/2005 | | MOTION (P#11) ALLOWED (Ralph D. Gants, Justice) (Dated 12/14/05) Notices mailed 12/15/2005 |
| 12/16/2005 | 12.0 | Plaintiff Citizens Bank Massachusetts's MOTION to compel production of documents w/opposition |
| 12/20/2005 | | MOTION (P#12) ALLOWED to the extent that the deft Coleman shall provide the requested documents no later than 1/6/06 - If the plff wishes to postpone Coleman's deposition to allow adequate time for its review of these documents prior to the deposition it may do so & Coleman will appear at an agreed upon later date (Ralph D. Gants, Justice) Notices mailed 12/20/2005 |
| 02/21/2006 | 13.0 | Plff's motion to compel responses to requests for produciton of documents (w/o opposition) |
| 02/23/2006 | 14.0 | Plff's motion for leave to amend complaint (w/o opposition) |
| 03/07/2006 | | MOTION (P#14) ALLOWED (E Susan Garsh, Justice) Notices mailed 3/1/2006 (entered 2/27/06) |
| 03/07/2006 | 15.0 | Amended complaint of Citizens Bank Massachusetts, filed on 2/27/06 |
| 03/21/2006 | 16.0 | SERVICE RETURNED: Federal Deposit Insurance Corp (As Amended)(Defendant) (In hand on 3/7/06) |
| 03/29/2006 | 17.0 | Plaintiff Citizens Bank Massachusetts's MOTION for Summary Judgment, pursuant to Mass.R.Civ.P. 56, as to Pamela Baker Coleman w/o opposition |
| 03/29/2006 | 18.0 | Affidavit of Robert L. Hamer |
| 03/29/2006 | 19.0 | Affidavit of David W. Silverstein |
| 04/04/2006 | 20.0 | Plaintiff Citizens Bank Massachusetts's MOTION for Memorandum of Lis Pendens w/o opposition |

MASXP-20050816
leakes

Case 1:06-cv-10959-MLW Document 5 Filed 07/03/06 Page 14 of 33
**Commonwealth of Massachusetts**
**SUFFOLK SUPERIOR COURT**
**Case Summary**
**Civil Docket**

06/01/2006
11:17 AM

## SUCV2005-02454
## Citizens Bank Massachusetts v Coleman et al

| Date | Paper | Text |
|------|-------|------|
| 04/04/2006 | 21.0 | Affidavit of Christopher T. Meier in support of plff's Motion for Memorandum of Lis Pendens |
| 04/11/2006 | | MOTION (P#20) ALLOWED without opposition (Ralph D Gants, Justice) Notices mailed 4/10/2006 |
| 04/11/2006 | 22.0 | ORDER re: lis pendens (Ralph D Gants, Justice) Notice sent 4/10/06 |
| 04/11/2006 | | MOTION (P#13) ALLOWED (Ralph D Gants, Justice) Notices mailed 4/11/2006 |
| 04/11/2006 | 23.0 | ORDER It is hereby ORDERED as follows 1)Plaintiff's motion shal be and hereby is ALLOWED (Ralph D Gants, Justice) (SEE P#23 for complete order) Notice sent 4/11/06 |
| 05/01/2006 | 24.0 | Court received request for leave to file memorandum in reply to deft's memorandum in opposition to the Bank's motion for partial summary judgment by plff, filed by leave, & ALLOWED on 4/25/06 (Ralph Gants, Justice) notice sent 4/28/06 |
| 05/11/2006 | 25.0 | Plaintiff's Reply Memorandum on Summary Judgment |
| 05/11/2006 | 26.0 | Second Affidavit of Counsel Christopher T Meier |
| 05/24/2006 | 27.0 | MEMORANDUM AND ORDER ON PLFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT & ALLOWED IN THE AMOUNT OF $354,334.33 (Ralph D Gants, Justice). Copies mailed 5/23/06 (entered 5/22/06) |

### EVENTS

| Date | Session | Event | Result |
|------|---------|-------|--------|
| 08/11/2005 | CtRm 1017, 3 Pemberton | Conf: litigation contrl Rule 16 | Event not held-joint request |
| 08/15/2005 | CtRm 1017, 3 Pemberton | Conf: litigation contrl Rule 16 | Event held as scheduled |
| 11/03/2005 | CtRm 1017, 3 Pemberton | Motion/Hearing: R E attachmnt Ex parte motion for real estate & trustee process attachment | Event held as scheduled |
| 11/10/2005 | CtRm 1017, 3 Pemberton | Motion/Hearing: R E attachmnt & trustee process attachment (to dissolve attachments?) | Event not held-joint request |
| 11/17/2005 | CtRm 1017, 3 Pemberton | Motion/Hearing: miscellaneous hearing on whether of not to dissolve real estate & trustee process attachments (no motion filed as of 11/9/05) | Event held as scheduled |
| 02/28/2006 | CtRm 1017, 3 Pemberton | Motion/Hearing: Rule56 | Event rescheduled by court prior to date |
| 04/11/2006 | CtRm 1017, 3 Pemberton | Motion/Hearing: Compel P#13 Motion allowed on papers - no opposition | Event canceled not re-scheduled |
| 05/15/2006 | CtRm 1017, 3 Pemberton | Motion/Hearing: Rule56 | Event held as scheduled |



I HEREBY ATTEST AND CERTIFY ON

THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

**EXHIBIT "B"**

# Commonwealth of Massachusetts

COPY

**SUFFOLK, ss.**



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 05-2454-BL52

_____CITIZENS BANK OF MASSACHUSETTS_____ , Plaintiff(s)

v.

_____PAMELA BAKER COLEMAN and FEDERAL DEPOSIT_____ , Defendant(s)
INSURANCE CORPORATION

## SUMMONS

**To the above-named Defendant:**

    You are hereby summoned and required to serve upon **Christopher T. Meier,**
**Mirick, O'Connell, DeMallie & Lougee, LLP**
plaintiff's attorney, whose address is **100 Front Street, Worcester, MA 01608** , an answer to
the complaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You are also required to file your answer to the complaint in the office
of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable
time thereafter.

    Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiff which arises out of the transaction or occurrence that is the subject
matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

       **Barbara J. Rouse**
Witness, ~~Suzanne V. DelVecchio~~, Esquire, at Boston, the _____**3rd**_____ day of
_____**March**_____, in the year of our Lord two thousand **and six** .

A TRUE COPY, ATTEST:
*James Ingles*

*Michael Joseph Donovan*

**DEPUTY SHERIFF**
**DATE 3/7/06**

Clerk/Magistrate

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.

2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED

   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev. 30M 10/2000

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO. 05-2454-BLS2

CITIZENS BANK OF MASSACHUSETTS,
    Plaintiff

V.

PAMELA BAKER COLEMAN, and
FEDERAL DEPOSIT INSURANCE
CORPORATION
    Defendants

**AMENDED COMPLAINT**

1.      The plaintiff, Citizens Bank of Massachusetts, (the "Bank") is a duly formed

banking institution with a usual place of business located at 53 State Street, Boston,

Massachusetts, and is the successor-in-interest to Federal Savings Bank.

2.      The defendant, Pamela Baker Coleman, is a resident of Waltham, Massachusetts.

She is the wife of Martin J. Coleman, III, and has been married to him at all times relevant. By

virtue of such relationship, she is an insider as concerns transfers by her husband within the

meaning of G.L. c.109A, §2.

3.      On June 7, 1994, judgment entered for Federal Savings Bank and against Martin

J. Coleman, III, in Federal Savings Bank v. Martin J. Coleman, Individually and as Trustee of

Colburn Street Realty Trust, Middlesex Superior Court, Civil Action No. 93-7254, in the amount

of $609,241.64. The Bank is the present holder of that Judgment, which remains wholly

unsatisfied.

4.      The defendant, Federal Deposit Insurance Corporation ("FDIC") is a corporation

created by federal statute and is a party in interest to certain claims herein to the extent that it

continues to hold record title to mortgages against 56-60 Russell Street, Waltham,

Massachusetts; 156-158 Ash Street, Waltham, Massachusetts; and 331-333 Grove Street,

Waltham, Massachusetts as receiver of the First Mutual Bank for Savings.

COUNT I

5.     The Bank is a creditor of Martin J. Coleman, III, (the "Judgment Debtor") and has

been so at all times relevant.

6.     By assignment from the FDIC dated October 16, 1995, the Judgment Debtor held

a mortgage interest against certain property, including more than four acres of oceanfront land in

Hull, Massachusetts (the "Property"). As of that date, the Judgment Debtor held an undivided

half interest in the Property with a partner, Howard J. Rock.

7.     On March 19, 2001, the Judgment Debtor directed the foreclosure of said

mortgage and, as a result thereof, purchased the Property by credit bid at the foreclosure sale in

the name of Lauren Barry as Trustee of the Marsh Realty Trust. At times relevant, Barry served

as the Judgment Debtor's attorney and acted at his direction and subject to his control with

regard to her dealings concerning the Property.

8.     On the day after the foreclosure sale, Barry resigned as Trustee without a

successor of record. The Property remained subject to the direction and control of the Judgment

Debtor.

9.     The Judgment Debtor directed that his wife, the defendant be named as successor

Trustee of the Marsh Realty Trust as of July 14, 2004.

10.     The Judgment Debtor negotiated an arrangement to sell the property to the

Massachusetts Department of Conservation and Recreation in July, 2004, for $450,000.00.

11.     The Judgment Debtor arranged that the agreed consideration for such transfer be issued in the form of a check payable to the defendant, individually. The Judgment Debtor received that check on August 2, 2004.

12.     Such arrangement by the Judgment Debtor constitutes a transfer within the meaning of G.L. c.109A, §2.

13.     Such transfer was made by the Judgment Debtor without receiving a reasonably equivalent value at a time when he was insolvent.

14.     The transfer was fraudulent as to the Bank under G.L. c.109A, §6.

15.     The Bank has been damaged by such fraudulent transfer and is entitled to the remedies provided under G.L. c.109A, §8.

COUNT II

16.     The transfer was made by the Judgment Debtor with actual intent to hinder, delay or defraud his creditors in that, among other factors:

    a.     The transfer was to an insider;

    b.     The Judgment Debtor retained possession or control of the Property transferred after the transfer;

    c.     The transfer was concealed;

    d.     Before the transfer was made, the Judgment Debtor had been sued;

    e.     The transfer was of substantially all of the Judgment Debtor's assets;

    f.     The Judgment Debtor absconded;

    g.     The Judgment Debtor concealed assets;

    h.     The Judgment Debtor received no consideration for the transfer;

    i.     The Judgment Debtor was insolvent at the time of the transfer.

17.     The transfer was fraudulent as to the Bank under G.L. c.109A, §5.

18.     The Bank has been damaged by such fraudulent transfer and is entitled to the remedies provided under G.L. c.109A, §8.

## COUNT III

19.     The defendant was unjustly enriched by virtue of the transfer.

20.     In equity, a constructive trust ought to be imposed upon the proceeds of such transfer in whatever form now held and appropriate process issue allowing the Bank to reach and apply same toward satisfaction of the Judgment as provided under G.L. c.214, §3.

## COUNT IV

21.     The defendant previously held or, continues to hold various assets as the purported trustee of certain trusts, including real estate known as:

   a. 56-60 Russell Street, Waltham, Massachusetts;

   b. 156-158 Ash Street, Waltham, Massachusetts;

   c. 46-48 Lyman Street, Waltham, Massachusetts;

   d. 331-333 Grove Street, Waltham, Massachusetts;

   e. 28-30 McKenn Street, Waltham, Massachusetts;

   f. 70-72 Central Street, Waltham, Massachusetts;

   g. 19-21 Mt. Pleasant Street, Waltham, Massachusetts.

22.     The defendant also holds property at 53 Childs River Road in Falmouth, Massachusetts, Captains Row, Mashpee, Massachusetts, and 298 Great Road, Littleton, Massachusetts, each titled in her name, individually.

23.     The defendant also holds a 98% interest in Coleman & Sons Real Estate, Inc., the successor to the family real estate agency where the Judgment Debtor has worked his entire adult life.

24.     Upon information and belief, such assets were acquired in whole or substantial part by consideration provided by or attributable to the Judgment Debtor.

25.     In equity, a resulting trust ought to be declared as to such properties and appropriate process issue to permit the same to be reached and applied toward satisfaction of the Bank's judgment as provided under G.L. c.214, §3.

COUNT V

26.     The defendant was unjustly enriched by virtue of the interest which she holds in the referenced real estate and Coleman & Sons Real Estate, Inc.

27.     In equity, a constructive trust ought to be imposed upon each such property and the proceeds of same, to the extent of any transfer, in whatever form now held, and, appropriate process issue allowing the Bank to reach and apply same toward satisfaction of the Judgment as provided under G.L. c.214, §3.

COUNT VI

28.     In order to secure payment for certain loans received from the First Mutual Bank, the Judgment Debtor granted mortgages against at least five (5) multi-family dwellings which he owned in Waltham, Massachusetts, including (a) 56-60 Russell Street; (b)156-158 Ash Street; (c) 19-21 Mount Pleasant Street;  (d) 70-72 Central Street; and (e) 331-333 Grove Street (collectively the "Waltham Mortgages").

29.     In 1991, the Judgment Debtor commenced an action against First Mutual Bank seeking, *inter alia*, an Order rescinding the Waltham Mortgages.

30.     Following the receivership of First Mutual Bank, the Judgment Debtor's action was removed to U.S. District Court by the FDIC and a settlement agreement was subsequently entered between the Judgment Debtor and the FDIC.

31.     Upon information and belief, in part consideration for such settlement, the FDIC assigned the Waltham Mortgages and the promissory notes so secured to the Judgment Debtor or his designee. The FDIC delivered assignments of each such mortgage to the Judgment Debtor.

32.     The Judgment Debtor transferred his interest in the Waltham Mortgages and the promissory notes thereby secured to the defendants, within the meaning of G.L. c. 109A, §2. Notwithstanding such transfer, the FDIC remains holder of record title to the Waltham Mortgages which remain outstanding.

33.     Such transfer was made by the Judgment Debtor without receiving a reasonably equivalent value at a time when he was insolvent.

34.     The transfer was fraudulent as to the Bank under G.L. c. 109A, §6.

35.     The Bank has been damaged by such fraudulent transfers and is entitled to the remedies provided under G.L. c. 109A, §8, including but not limited to avoidance of the transfer of each of the Waltham Mortgages which remains outstanding and all promissory notes secured thereby.

## COUNT VII

36.     The transfer of the Waltham Mortgages and promissory notes secured thereby was made by the Judgment Debtor with actual intent to hinder, delay, or defraud his creditors in that, among other factors:

(a) the transfer was to an insider;

(b) the Judgment Debtor retained possession or control of the Waltham Mortgages and promissory notes secured thereby, after the transfers;

(c) the transfer was concealed;

(d) before the transfer was made, the Judgment Debtor had been sued;

(e) the transfer was of substantially all of the Judgment Debtor's assets;

(f) the Judgment Debtor absconded;

(g) the Judgment Debtor concealed assets;

(h) the Judgment Debtor received no consideration for the transfers; and

(i) the Judgment Debtor was insolvent at the time of the transfer.

37.     Transfer of the Waltham Mortgages and promissory notes secured thereby was fraudulent as to the Bank under G.L. c. 109A, §5.

38.     The Bank has been damaged by such fraudulent transfer and is entitled to the remedies provided under G.L. c. 109A, §8, including but not limited to avoidance of the transfer of each of the Waltham Mortgages which remain outstanding and all promissory notes secured thereby.

## COUNT VIII

39.     The defendant was unjustly enriched by virtue of the transfer of the Waltham Mortgages and promissory notes secured thereby.

40.     In equity, a constructive trust ought to be imposed upon each of the Waltham Mortgages, the promissory notes thereby secured and all proceeds traceable thereto, and appropriate process issue allowing the Bank to reach and apply same toward satisfaction of the Judgment as provided under G.L. c. 214, §3.

WHEREFORE, the plaintiff, Citizens Bank of Massachusetts, demands that judgment

issue for it and against the defendant, Pamela Baker Coleman, in the amount of its damages,

together with its attorneys fees and such further relief as is appropriate.

CITIZENS BANK OF MASSACHUSETTS

By its attorneys,

Robert L. Hamer, Esq., BBO #218715
Christopher T. Meier, Esq., BBO # 640995
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477
Phone: (508) 791-8500
Fax:    (508) 791-8502

Dated: March 3, 2006

## CERTIFICATE OF SERVICE

I, Christopher T. Meier, hereby certify that I have this day served a copy of the foregoing
document, by mailing a copy, first class mail, postage prepaid, to David B. Stein, Esq., Rubin,
Weisman, Colasanti, Kajko & Stein, LLP, 430 Bedford Street, Lexington, MA 02420, and to the
FDIC by process server.

Dated: March 3, 2006

Christopher T. Meier

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
------------------------------------------------------------X
CITIZENS BANK OF MASSACHUSETTS,   :

                                               Plaintiff,   :

                  - against –   :

PAMELA BAKER COLEMAN, and   :
FEDERAL DEPOSIT INSURANCE CORP.,   :
                                   :
                     Defendants.   :
------------------------------------------------------------X

Civil Action No.

Removed from the Superior Court
Department of the Trial Court
Suffolk County

## CERTIFICATE OF SERVICE

I, Paul D. Maggioni, hereby certify that on June ___, 2006, all known parties required to

be notified of removal pursuant to 28 U.S.C. Section 1446 were so notified by placing true and

exact copies of the foregoing Notice of Removal and Notice to State Court of Filing of Notice of

Removal with the United States Postal Service, postage pre-paid, as follows:

Robert L. Hamer, Esq.
Christopher T. Meier, Esq.
Mirick O'Connell, DeMallie & Lougee
Attorneys for Plaintiff Citizens
  Bank of Massachusetts
100 Front Street
Worcester, MA 01608-1477

David B. Stein, Esq.
Rubin, Weisman, Colasanti, Kajko
  & Stein, LLP
Attorneys for Defendant,
  Pamela Baker Coleman
430 Bedford Street
Lexington, MA 02420

Dated: Braintree, Massachusetts
      June ___, 2006

                              FEDERAL DEPOSIT INSURANCE CORPORATION

                              By: _____
                                  Paul D. Maggioni, Esq. #555064

                              Federal Deposit Insurance Corporation
                              Boston Area Office – Legal Division
                              15 Braintree Hill Office Park
                              Braintree, Massachusetts  02184

Phone: (781) 794-5701
Fax:    (781) 794-5600
Email: pmaggioni@fdic.gov

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
Civil Action No. 05-2454-BLS2

```
-------------------------------------------------------------X
CITIZENS BANK OF MASSACHUSETTS,          :
                                         :
            Plaintiff,                   :
                                         :     CERTIFICATE OF SERVICE
     - against –                         :
                                         :
PAMELA BAKER COLEMAN, and                :
FEDERAL DEPOSIT INSURANCE CORP.,         :
                                         :
            Defendants.                  :
-------------------------------------------------------------X
```

I, Paul D. Maggioni, hereby certify that on June ⎮ , 2006, all known parties required to be

notified of removal pursuant to 28 U.S.C. Section 1446 were so notified by placing true and exact

copies of the foregoing Notice of Removal and Notice to State Court of Filing of Notice of Removal

with the United States Postal Service, postage pre-paid, as follows:

Robert L. Hamer, Esq.
Christopher T. Meier, Esq.
Mirick O'Connell, DeMallie & Lougee
Attorneys for Plaintiff Citizens
  Bank of Massachusetts
100 Front Street
Worcester, MA 01608-1477

David B. Stein, Esq.
Rubin, Weisman, Colasanti, Kajko
  & Stein, LLP
Attorneys for Defendant,
  Pamela Baker Coleman
430 Bedford Street
Lexington, MA 02420

Dated: Braintree, Massachusetts
June ⎮ , 2006

Federal Deposit Insurance Corporation

By: _____
        Paul D. Maggioni, Esq. #555064

Federal Deposit Insurance Corporation
Boston Area Office – Legal Division
15 Braintree Hill Office Park
Braintree, Massachusetts 02184
Phone: (781) 794-5701
Fax:    (781) 794-5600
Email: pmaggioni@fdic.gov

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO.

CITIZENS BANK OF MASSACHUSETTS,
   Plaintiff

   V.

PAMELA BAKER COLEMAN,
   Defendant

COMPLAINT



1.     The plaintiff, Citizens Bank of Massachusetts, (the "Bank") is a duly formed

banking institution with a usual place of business located at 53 State Street, Boston,

Massachusetts, and is the successor-in-interest to Federal Savings Bank.

2.     The defendant, Pamela Baker Coleman, is a resident of Waltham, Massachusetts.

She is the wife of Martin J. Coleman, III, and has been married to him at all times relevant.  By

virtue of such relationship, she is an insider as concerns transfers by her husband within the

meaning of G.L. c.109A, §2.

3.     On June 7, 1994, judgment entered for Federal Savings Bank and against Martin

J. Coleman, III, in Federal Savings Bank v. Martin J. Coleman, Individually and as Trustee of

Colburn Street Realty Trust, Middlesex Superior Court, Civil Action No. 93-7254, in the amount

of $609,241.64.  The Bank is the present holder of that Judgment, which remains wholly

unsatisfied.

### COUNT I

4.     The Bank is a creditor of Martin J. Coleman, III, (the "Judgment Debtor") and has

been so at all times relevant.

5.     By assignment from the FDIC dated October 16, 1995, the Judgment Debtor held a mortgage interest against certain property, including more than four acres of oceanfront land in Hull, Massachusetts (the "Property"). As of that date, the Judgment Debtor held an undivided half interest in the Property with a partner, Howard J. Rock.

6.     On March 19, 2001, the Judgment Debtor directed the foreclosure of said mortgage and, as a result thereof, purchased the Property by credit bid at the foreclosure sale in the name of Lauren Barry as Trustee of the Marsh Realty Trust. At times relevant, Barry served as the Judgment Debtor's attorney and acted at his direction and subject to his control with regard to her dealings concerning the Property.

7.     On the day after the foreclosure sale, Barry resigned as Trustee without a successor of record. The Property remained subject to the direction and control of the Judgment Debtor.

8.     The Judgment Debtor directed that his wife, the defendant be named as successor Trustee of the Marsh Realty Trust as of July 14, 2004.

9.     The Judgment Debtor negotiated an arrangement to sell the property to the Massachusetts Department of Conservation and Recreation in July, 2004, for $450,000.00.

10.     The Judgment Debtor arranged that the agreed consideration for such transfer be issued in the form of a check payable to the defendant, individually. The Judgment Debtor received that check on August 2, 2004.

11.     Such arrangement by the Judgment Debtor constitutes a transfer within the meaning of G.L. c.109A, §2.

12.     Such transfer was made by the Judgment Debtor without receiving a reasonably equivalent value at a time when he was insolvent.

{H:\PA\Lit\12874\37070\A0800294.DOC}                                                    2

13.     The transfer was fraudulent as to the Bank under G.L. c.109A, §6.

14.     The Bank has been damages by such fraudulent transfer and is entitled to the remedies provided under G.L. c.109A, §9.

## COUNT II

15.     The transfer was made by the Judgment Debtor with actual intent to hinder, delay or defraud his creditors in that, among other factors:

   a.     The transfer was to an insider;

   b.     The Judgment Debtor retained possession or control of the Property transferred after the transfer;

   c.     The transfer was concealed;

   d.     Before the transfer was made, the Judgment Debtor had been sued;

   e.     The transfer was of substantially all of the Judgment Debtor's assets;

   f.     The Judgment Debtor absconded;

   g.     The Judgment Debtor concealed assets;

   h.     The Judgment Debtor received no consideration for the transfer;

   i.     The Judgment Debtor was insolvent at the time of the transfer.

16.     The transfer was fraudulent as to the Bank under G.L. c.109A, §5.

17.     The Bank has been damages by such fraudulent transfer and is entitled to the remedies provided under G.L. c.109A, §9.

## COUNT III

18.     The defendant was unjustly enriched by virtue of the transfer.

19.     In equity, a constructive trust ought to be imposed upon the proceeds of such transfer in whatever form now held and appropriate process issue allowing the Bank to reach and

apply same toward satisfaction of the Judgment as provided under G.L. c.109A, §8 and G.L. c.214, §3.

## COUNT IV

20.    The defendant previously held or, continues to hold various assets as the purported trustee of certain trusts, including real estate known as:

  a.  56-60 Russell Street, Waltham, MA;

  b.  156-158 Ash Street, Waltham, MA;

  c.  46-48 Lyman Street, Waltham, MA;

  d.  331-333 Grove Street, Waltham, MA;

  e.  28-30 McKenn Street, Waltham, MA;

  f.  70-72 Central Street, Waltham, MA;

  g.  19-21 Mt. Pleasant Street, Waltham, MA.

21.    The defendant also holds property at 53 Childs River Road in Falmouth, Massachusetts, Captains Row, Mashpee, Massachusetts, and 298 Great Road, Littleton, Massachusetts, each titled in her name, individually.

22.    The defendant also holds a 98% interest in Coleman & Sons Real Estate, Inc., the successor to the family real estate agency where the Judgment Debtor has worked his entire adult life.

23.    Upon information and belief, such assets were acquired in whole or substantial part by consideration provided by or attributable to the Judgment Debtor.

24.    In equity, a resulting trust ought to be declared as to such properties and appropriate process issue to permit the same to be reached and applied toward satisfaction of the Bank's judgment as provided under G.L. c.214, §3.

## COUNT V

25.    The defendant was unjustly enriched by virtue of the interest which she holds in the referenced real estate and Coleman & Sons Real Estate, Inc.

26.    In equity, a constructive trust ought to be imposed upon each such property and the proceeds of same, to the extent of any transfer, in whatever form now held, and, appropriate process issue allowing the Bank to reach and apply same toward satisfaction of the Judgment as provided under G.L. c.214, §3.

WHEREFORE, the plaintiff, Citizens Bank of Massachusetts, demands that judgment issue for it and against the defendant, Pamela Baker Coleman, in the amount of its damages, together with its attorneys fees and such further relief as is appropriate.

CITIZENS BANK OF MASSACHUSETTS,

By its attorneys,

Robert L. Hamer, Esq., BBO #218715
Christopher T. Meier, Esq., BBO # 640995
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477
Phone: (508) 791-8500
Fax:    (508) 791-8502

Dated: June 15, 2005

{H:\PA\Lit\12874\37070\A0800294.DOC}                                                    5